

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA2
WESTERN DIVISION

FILED
AUG 16 2016
CLERK

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

|  |  |  |
|---|---|---|
| HIGHMARK, INC., | * | CIV 10-5089 |
|  | * |  |
| Plaintiff, | * |  |
|  | * |  |
| vs. | * | MEMORANDUM OPINION |
|  | * | AND ORDER |
| NORTHWEST PIPE COMPANY, | * |  |
| a Washington Corporation, | * |  |
|  | * |  |
| Defendant and | * |  |
| Third-Party Plaintiff, | * |  |
|  | * |  |
| vs. | * |  |
|  | * |  |
| FERBER ENGINEERING COMPANY, | * |  |
| LLC, a South Dakota Corporation; and | * |  |
| RUSTNOT CORROSION CONTROL | * |  |
| SERVICES, INC., an Idaho Corporation, | * |  |
|  | * |  |
| Third-Party Defendants. | * |  |
|  | * |  |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Plaintiff Highmark, Inc. moved for reconsideration of the Court's previous ruling of March 1, 2016. The Court had held that the warranty limitations were not unconscionable. That determination is a law question to be determined by the Court and after previous submissions, arguments, and reconsideration, that holding will not be changed. Highmark is a prevailing party and it is entitled to attorney fees, that part of the previous ruling not, of course, being a part of the Motion for Reconsideration.

The contract provisions in question are as follows:

10.    WARRANTIES: The goods sold hereunder are subject to Seller's standard
manufacturing variations, tolerances and classifications. Seller warrants that
it has good and sufficient title to the goods, that the goods are made in a
workmanlike manner and in accordance with the specifications therefor
supplied or agreed to by Contractor, and are made or packaged pursuant to

Seller's customary manufacturing procedures. Seller assumes no responsibility for the adequacy of performance of engineering design or specifications furnished by Contractor or others. Seller's sole obligation under the foregoing express warranties shall be to repair, replace or refund the purchase price of, at Seller's option, any article of goods, or part thereof, which shall be returned to Seller's plant at Contractor's cost and proved by Contractor to be other than as warranted. The remedy hereby provided shall be the exclusive and sole remedy of Contractor for breach of the foregoing express warranties. This express warranty will be for a period of (1) one-year after the date of delivery of the goods.

THE ABOVE EXPRESS WARRANTIES OF SELLER ARE THE SOLE WARRANTIES OF SELLER, AND ANY OTHER WARRANTIES, EXPRESSED, IMPLIED IN LAW OR IN FACT, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OF FITNESS FOR A PARTICULAR PURPOSE WHICH EXCEEDS THE FOREGOING EXPRESS WARRANTIES, ARE HEREBY DISCLAIMED BY SELLER.

11.     EXCLUSION OF CONSEQUENTIAL AND INCIDENTAL DAMAGES: No claim of any kind, whether as to goods delivered or for non-delivery of goods, shall be greater in amount than the purchase price of the goods in respect of which such damages are claimed, and failure to give notice of claim within the time limits stated in paragraphs 9 and 10 above and shall constitute a waiver by Contractor of all claims in respect of such goods. The remedy hereby provided shall be the exclusive and sole remedy of Contractor, except as otherwise provided herein.      Any right of Contractor to consequential and incidental damages for the breach by Seller of any term contained in this sales order, including the warranties provided in paragraph 10 above, is excluded.

The question of whether or not the warranty limitations under the circumstances caused the limited remedy to fail from its essential purpose is a question for the jury if there is sufficient evidence on that issue to present a jury question. *Johnson v. John Deere Co.*, 306 N.W.2d 231 (S.D. 1981); *Golden Reward Mining Co. v. Webb Co.*, 772 F. Supp. 1118 (D.S.D. 1991) (*dicta*). In considering whether the circumstances caused the limited remedy to fail from its essential purpose, the Court must consider the circumstances in the light most favorable to the Plaintiff, Highmark, Inc. Highmark and the City did ultimately get pipe that met the specifications. The Court observed that it is a close question as to whether or not the repair that took up to eight (8) months as opposed to the sixty (60) days provided for repair in the contract caused the limitation of remedy to fail of its

2

essential purpose under SDCL 57A-2-719(2).

Since this is a diversity case, South Dakota law determines if it is a fact or law question as to whether the circumstances caused an exclusive or limited remedy to fail of its essential purpose. *Johnson v. John Deere Co., supra*, is binding precedent on that question. The *Johnson* court at 237 in reversing the trial court determination stated that "where there is any evidence to support the claim (of the failure of the warranty to fulfill its purpose), is a question of fact for the jury;". This Court was incorrect in deciding that question as a matter of law as there is some evidence to support that claim. For another example of submitting failure of the essential purpose issue to the jury, *see Riley v. Ford Motor Co.*, 442 F.2d 670 (5th Cir. 1971) (Alabama law). There are fact issues of whether all of the delay is chargeable to the Defendant seller, and then the factual question of was that chargeable delay such that under the circumstances it caused the exclusive or limited remedy to fail of its essential purpose. The essential purpose was to deliver pipe that met the specifications. That was accomplished but only after substantial delay. Often the failure in question is unwillingness or inability to perform. However, in the present case, as in *Johnson v. John Deere*, there ultimately was performance, but the delay was substantial.

Plaintiff relies upon *Soo Line R. Co. v. Fruehauf Corp.*, 547 F.2d 1365 (8th Cir. 1977) (Minnesota law). That case is distinguishable in that Fruehauf as the seller refused to accept responsibility for the repairs of the underframes of the 500 railcars. The jury and then the Eighth Circuit concluded at 1370 "that the remedial limitation contained within the contract failed of its essential purpose and is therefore unenforceable." The Eighth Circuit went on to state at 1371, "Based on this evidence, we conclude that the contract's limited remedy of repair failed of its essential purpose, and therefore all available Uniform Commercial Code remedies apply. See Minn. Stat. Ann. § 336.2-719(2) and 336.2-714." Among other damages affirmed was $182,444 for revenue lost while the cars were undergoing repairs. That element of damages is clearly consequential damages. This 1977 holding allowing consequential damages despite a contract limitation of any such damages. A finding of a limited remedy failing of its essential purpose under Minnesota law as defeating damage limitations in a contract is not now the law in Minnesota in a

3

commercial setting. *Transport Corp. of America v. IBM, Inc.*, 30 F.3d 953, 960 (8th Cir. 1994) "An exclusion of consequential damages set forth in advance in a commercial agreement between experienced business parties represents a bargained-for allocation of risk that is conscionable as a matter of law."; *International Financial Services, Inc. v. Franz*, 534 N.W.2d 261 (Minn. Supreme Court 1995). (Holding that a consequential damages limitation survives as between commercial contractors even if the jury determines that the exclusive or limited remedy failed of its essential purpose, the damages limitation being separate from the warranty limitation. The warranty limitation can be defeated if it fails of its essential purpose.) The physical separation of the repair and replacement provision and the consequential damage provision, as is present here, was relied upon in *Franz* as well as in *American Elec. Power Co. v. Westinghouse Elec. Corp.*, 418 F.Supp. 435 (S.D. N.Y. 1976).

Plaintiff again relies upon *Hartzell v. Justus Co.*, 693 F.2d 770 (8th Cir. 1982). That case is of no assistance as it was a consumer case and no remedy to the defects in the house was ever provided by the seller.

Plaintiff also relies upon *Dermalogix Partners, Inc. v. Corwood Labs., Inc.*, 2000 WL 760732 (D. Me. 2000)(Maine law). Plaintiff claims that *Dermalogix* was on appeal to the District Court. Instead, the District Court decided the case on motion for summary judgment. *Dermalogix* had a damage cap similar to paragraph 11 of the contract in the present case. The damage cap was found to not be unconscionable and the Court also found that the damage cap did not cause the limitation to fail of its essential purpose. The agreements did not have an exclusive or limited remedy provision other than the damage cap, so there was no consequential damages limitation under consideration. On the scanty factual record, it was unclear what damages were being awarded by summary judgment under Maine law.

The damage cap agreed to in the present case would be applicable, but the damages to be awarded cannot be consequential damages. *Dermalogix* had no consequential or exclusive or limited remedy other than the damages cap limitation and the court there applied the damages cap limitation

4

as it was found to not be unconscionable. In the present case there is not only a damages cap limitation but also other limitations including an exclusion on consequential and incidental damages.

This Court has determined that the limitation excluding consequential damages is not unconscionable as between these commercial contractors. As in *Johnson*, that limitation remains even if the jury determines that the exclusive or limited remedy failed of its essential purpose. A good discussion of the two views on that issue is in *International Financial Services, Inc. v. Franz*, *supra*, (holding in accord with *Johnson*, *supra*). These holdings as well as this Order are not applicable to consumer transactions. The *Johnson* Court also observed at 238 that the buyer was "willing to trade off the remedy for consequential loss for the warranty of replacement and repair. ... Thus, although the repair and replacement warranty may have subsequently failed of its essential purpose, thereby entitling him to general damages for breach of contract as outlined in the code, the limitation on remedy was not unconscionable at the time it was made, either procedurally or substantively, and he would not be entitled to recover consequential damages."

*Johnson* at 239 was remanded "for a new trial on the issue of failure of a limited remedy under SDCL 57A-2-719(2), and for determination of such damages, if any, allowable in conformity with this opinion."

The "damages, if any," is what was and is concerning this Court. At the previous hearing, the Court asked the parties what damages would be recoverable if no incidental or consequential damages were recoverable.

Among the various damage measures suggested by Plaintiff in its Motion for Reconsideration was the contract value of the pipe as specified. If Seller had not ultimately furnished pipe that met the specifications, or had refused to so provide, the contract amount for the pipe would be a proper cap on non-consequential or non-incidental damages for the Plaintiff to recover. However, conforming pipe was ultimately delivered. Plaintiff claims that the damages caused by the delay in getting the pipe treated so that it conformed to the specifications are not incidental or consequential

5

damages. The delay damages claimed are consequential damages as defined in SDCL § 57A-2-715(2). Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable, SDCL § 57A-2-719(3). Once again, under the contract, consequential damages were excluded.

Plaintiff also argues for general contract damages. Such damages would be available but for the contract limitations.

Plaintiff also argues generally that the contract is ambiguous and should be construed against Northwest Pipe as the drafters. The Court finds that the contract is not ambiguous.

Defendant Ferber Engineering argues that cover provisions of the law apply to this situation and that the ultimate provision of pipe by Northwest Pipe that met the specifications was a no cost cover to the Plaintiff. Cover normally is getting the contract object from another source. The record in this case does not reflect an ability to timely get cover from another source as the record is that these pipes are not an off the shelf product but instead have to be specifically manufactured for this contract. Accordingly, the Court views the initial provision of non-conforming pipe to be a non-delivery under SDCL 57-A-713. That approach yields the same result, in that those damages were limited by contract to repair or replacement, which is what happened. No other damages are available.

As a result, there are no damages to award if the jury did decide that the circumstances caused an exclusive or limited remedy to fail of its essential purpose.

As a result, the remaining damage issue for Plaintiff to recover upon is Plaintiff's attorney fees and it is so ordered. Accordingly,

IT IS ORDERED:

1.    That Plaintiff Highmark, Inc.'s Motion for Reconsideration of Motion for Summary Judgment, Doc. 186, is granted in that the prior ruling of the Court

was reconsidered and the Court concluded upon reconsideration that the issue of whether circumstances caused an exclusive or limited remedy to fail of its essential purpose was in this case a jury question due to the circumstances. This is an empty victory for Plaintiff as Plaintiff has shown no potential damages other than incidental or consequential damages and the contract preclusion of those damages has been upheld as not being unconscionable.

2.    That Plaintiff as previously ordered is entitled to offer proof of reasonable attorney fees as damages.

Dated this 15ᵗʰ day of August, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY

7