UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION



FILED

NOV 3 0 2016

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| HIGHMARK, INC., | \* |
| | \*    CIV 10-5089 |
| Plaintiff, | \* |
| | \*    MEMORANDUM OPINION AND |
| | \*    ORDER ON PLAINTIFF'S MOTION |
| vs. | \*    FOR ATTORNEYS' FEES, SALES |
| | \*    TAX, AND COSTS |
| NORTHWEST PIPE COMPANY, | \* |
| a Washington Corporation, | \* |
| | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Highmark, Inc. ("Highmark"), has filed a Motion for Attorneys' Fees, Sales Tax, and Costs pursuant to the contract executed between Highmark and Defendant, Northwest Pipe Company ("Northwest Pipe"), Rule 54 of the Federal Rules of Civil Procedure, Local Rule 54.1, and 28 U.S.C. § 1920 as the "prevailing party." Doc. 217. Based on the following, the motion is granted in part and denied in part.

## PROCEDURAL BACKGROUND

The facts of this case have been thoroughly explained in this Court's prior memorandum opinion and orders. *See* Docs. 173 and 192. As such, the Court will only recite the facts directly pertinent to this pending motion.

On March 1, 2016, the Court granted Highmark's Motion for Partial Summary Judgment as to its claims for breach of contract and breach of warranty. Doc. 173. In so doing, the Court found Highmark to be a prevailing party and entitled to attorneys' fees. *Id* at 7. On August 16, 2016, the Court ordered that the only remaining question was for the recovery of attorneys' fees by Highmark. Doc. 192 at 6-7. On September 21, 2016, the Court held a pre-trial conference with all parties present. Doc. 203. At the conference, the Court set dates concerning the submission of Highmark's Motion for Attorneys' Fees, Third Party Defendants, RustNot Corrosion Control Services and Ferber Engineering Company (collectively "Third Party Defendants"), desire to file a Motion for Summary Judgment on the issue of attorneys' fees, and

Northwest Pipe's response brief.  Docs. 203 and 206.  Thereinafter, the parties filed their respective motions and response and reply briefs.  *See* Docs. 210, 214, 217, 233, and 242.

On October 14, 2016, Northwest Pipe and Third Party Defendants filed a joint stipulation dismissing Northwest Pipe's contribution/indemnity claim against Third Party Defendants as it concerns the recovery of any attorneys' fees awarded to Highmark.  Doc. 236. On October 17, 2016, the Court held a status conference hearing where it noted that the Third Party Defendants had been dismissed[1] and that the only remaining question was the recovery of reasonable attorneys' fees by Highmark, which, by agreement of the remaining two parties, could be resolved by the Court through briefing.  *See* Docs. 239 and 240.

## DISCUSSION

### Attorney Fees

"In a diversity case, state law generally governs the question [of] whether there is a right to attorney's fees."  *Ferrell v. West Bend Mut Ins Co.*, 393 F. 3d 786, 796 (8th Cir. 2005); *see also Orion Financial Corp of South Dakota v American Foods Group, Inc* , 281 F.3d 733, 738 (8th Cir. 2002) (explaining that "[a]s a federal court, our role in diversity cases is to interpret state law . . . .").  "South Dakota utilizes the American rule that each party bears the burden of the party's own attorney fees."  *In re South Dakota Microsoft Antitrust Litigation*, 2005 SD 113, ¶ 29, 707 N.W. 2d 85, 98.  However, there are two exceptions to this general rule.  *Id*  "[F]irst[,] when a contractual agreement between the parties entitles the prevailing party to attorney fees, and second[,] when an award of attorney fees is authorized by statute."  *Id*  Thus, in order for a party to collect attorneys' fees under the "contractual agreement" exception, a Court must determine whether that party was the "prevailing party."

*Prevailing Party*

The South Dakota Supreme Court has defined "prevailing party" broadly as "the party in whose favor the decision or verdict is or should be rendered and judgment entered."  *City of Aberdeen v Lutgen*, 273 N.W.2d 183, 185 (S.D. 1979) (interpreting prevailing party under SDCL 15-15-1) (citation omitted).  The South Dakota Supreme Court has held that a party to a contract is not required to prevail on every issue to be the prevailing party.  *See Crisman v Determan Chiropractic, Inc.*, 2004 SD 103, ¶ 23, 687 N.W.2d 507 (citing *Alvine v Mercedes-*

---

[1] On October 17, 2016, the Court signed a Judgment of Dismissal of Third-Party Defendants  Doc 241  An amended judgment was filed on November 2, 2016.  Doc  251.

*Benz of North America*, 2001 SD 3, § 25, 620 N.W.2d 608, 613). Rather, "'[a] prevailing party is the party prevailing on the main issue in dispute.'" *Barkley, Inc v Gabriel Bros , Inc* , 829 F.3d 1030 (8th Cir. 2016) (quoting *Flamingo Pools, Spas, Sunrooms & More Store, Inc v Penrod*, 993 S.W.2d 588, 590 (Mo. Ct. App. 1999). Parties to a contract are allowed to agree to contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contract dispute.

Here, Highmark argues that it is entitled to attorneys' fees under the "contractual agreement" exception as the "prevailing party." While Northwest Pipe admits that the language of the contract expressly provides for attorneys' fees,[2] it challenges whether Highmark is the prevailing party. The primary issue and reason this lawsuit was brought was to get conforming performance as quickly as possible by Northwest Pipe, the seller and the provider of the pipe. There was an additional reason Highmark wanted prompt and full performance, that was the City of Rapid City was threatening to disqualify Highmark, a local contractor, from future city jobs. In addition, at some point Highmark's bonding company had to be reassured. After commencement of this lawsuit, Highmark succeeded in getting performance despite Northwest Pipe claiming they had performed or would have performed anyway. Once that primary reason for the lawsuit was accomplished, with Highmark prevailing on that issue, then attention turned to three issues as between Highmark and Northwest Pipe: (1) Highmark's claims for breach of warranty, breach of contract, and for damages for the delay, (2) the lesser issue of Northwest Pipe's Counterclaim, and (3) attorneys' fees. Delay does cause expense in construction, but how much of the $800,000 delay claim was well supported is still an open question. Highmark, through counsel, has not appeared to understate its claims. The Counterclaim of $141,000 was payment withheld pending performance, so the Counterclaim was not a significant issue. As a result, Highmark prevailed on the primary prompt performance issue and breach of warranty and breach of contract claims, and lost on the secondary issue of delay damages.

---

[2] Paragraph 16 of the contract provides

    **ATTORNEY'S FEES:** In the event Seller places this contract in the hands of an attorney for collection, Contractor promises to pay Seller's reasonable attorney's fees and collection costs even though no suit, action, inter-pleader or arbitration is filed or initiated. If a suit, action, inter-pleader or arbitration is <u>commenced</u> to enforce, interpret, or apply the terms of this agreement, then the prevailing party is entitled to its reasonable attorney's fees incurred at the trial court level, in any appellate court or in any arbitration  The amount of such reasonable attorney's fees shall be determined by the court or arbitrator in the proceeding

Doc 135-1 (emphasis in original)

The source of Highmark's entitlement to attorneys' fees in this case is the contract itself, which Northwest Pipe breached. Highmark prevailed on the breach of contract and breach of warranty claims. The parties continued to litigate the damages that resulted from Northwest Pipe's breach. On March 1, 2016, this Court issued a Memorandum Opinion and Order upholding the exclusion of the damages provision in the contract, which resulted in a conclusion that Highmark was not entitled to any monetary damages under the contract.[3] In that same Opinion, the Court also found that the Counterclaim "would not have arisen *but for* the breach of contract and breach of express warranty by Northwest Pipe so the attorney fees [Northwest Pipe] incurred are not recoverable." Doc. 173 at 7-8 (emphasis added). After hearing argument from the parties at a status conference on May 16, 2016, the Court reconsidered its holding and agreed that the contract allowed for damages that are not classified as either consequential or incidental, and Highmark was given an opportunity to prove any such damages. *See* Doc. 184. Highmark did not come forward with any evidence of damages not classified as consequential or incidental.

In summary, South Dakota law allows for an award of attorney fees to the party who prevails on the main issue in dispute when the parties agreed to it in their contract. Here, Northwest Pipe agreed to it, Highmark prevailed, and there is no reason why the attorney fee provision in the contract should not be enforced against Northwest Pipe. Highmark and Northwest Pipe continued to litigate over the damages issue and the Counterclaim brought by Northwest Pipe against Highmark was not disposed of until March of 2016. Under the facts of the case, Highmark is the prevailing party and entitled to attorneys' fees under the contract. However, that does not mean that Highmark should recover all of the attorney fees requested in the current amount of $302,185.25.

*Reasonableness*

Upon a finding that Highmark was the "prevailing party," the Court must then determine whether the requested attorneys' fees are reasonable. *In re South Dakota Microsoft Antitrust Litigation*, 2005 SD 113, ¶ 29, 707 N.W. 2d at 98 (explaining that "[t]he fees awarded by the court in each case must be reasonable for the services rendered."). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v St Cloud State University*, 295

---

[3] The contract between Highmark and Northwest Pipe specifically excludes incidental and consequential damages, but does not provide a contractual definition for such damages. *See* Doc. 135-1 at 7, ¶ 11

F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v Eckherhart*, 461 U.S. 424, 433 (1983)).  A strong presumption exists that the figure resulting from the above calculation (i.e., the lodestar figure) is reasonable. *See Perdue v Kenny A ex rel Winn*, 559 U.S. 542, 554 (2010); *see also In re South Dakota Microsoft Antitrust Litigation*, 2005 SD 113, ¶ 30, 707 N.W.2d at 99 (explaining that "we are convinced that this simple mathematical exercise is the only legitimate starting point for analysis.").

Once the lodestar is calculated, the Court considers several factors in order to determine whether the lodestar figure should be adjusted upward or downward. *Id* (explaining that "[i]t is only after such a calculation that other, less objective factors, can be introduced into the calculus.").  Those factors include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

*City of Sioux Falls v. Kelley*, 513 N.W.2d 97, 111 (S.D. 1994).

"'[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Fish*, 295 F.3d at 851 (quoting *Hensley*, 461 U.S. at 437).  "[T]he party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. *Baker v John Morrell & Co* , 263 F. Supp. 2d 1161, 1189 (N.D. Iowa 2003).  "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

*Calculating the Fee*

The attorney fee claim is complicated by several factors. After this federal lawsuit was filed in November of 2010, Highmark brought a state court lawsuit concerning this same construction project against the City of Rapid City (Defendant), Northwest Pipe (Third-Party Defendant/Third-Party Plaintiff), and Ferber Engineering Company, Inc., Dowl, LLC, and RustNot Corrosion Control Services, Inc. (Third-Party Defendants). The state court lawsuit went on until it was settled in May of 2014. Highmark represented that it would separate out the attorney fee billings that apply to the state court lawsuit. It is apparent in reviewing the 90 pages of billing that the segregation of those charges has only been modestly undertaken despite the fact that such segregation is Highmark's burden. There are instances where no one could be expected to record or recall how much time was spent on each action with two lawsuits pending concerning the same construction project. In those instances the Court split the time in half and awarded half of the requested fees.

Another complication is that there was mediation while both cases were pending. Highmark claims all of the attorney fees related to the mediation and Northwest Pipe disagrees. All parties to both lawsuits were included in the mediation. In reviewing both lawsuits, the attorney fee billings, the briefs, and the supplemental information requested by the Court, it is the Court's conclusion that two-thirds of the attorney fees devoted to mediation should be allocated to this federal case. As such, even though the Court has found that Highmark is the prevailing party, it still is not entitled to all remaining attorney fees after deducting for the state court litigation and the portion of the mediation applicable to the state court action.

Originally, Highmark requested $301,206.75 in attorneys' fees. Doc. 218 at 11. Following subsequent briefing, Highmark waived $7,190 in fees and requested an additional $8,168.50 in fees for time spent on the present Motion for Attorney's Fees and subsequent reply brief. Docs. 233; 242-43. The requested hours have been adjusted as follows:

.

| Attorney: | Hours @ Rate: | Grand Total: |
|---|---|---|
| Steven Beardsley | 569.6 hours @ $225<br>46.9 hours @ $285 | $141,526.50 |
| Brad Lee | 62 hours @ $200<br>20.7 hours @ $250 | $17,575 |
| Michael Beardsley | 40 hours @ $100<br>368.1 hours @ $150<br>172.2 hours @ $165<br>114.7 hours @ $225 | $113,435.50 |
| Stephanie Trask | 150.4 hours @ $150 | $22,560 |
| Jessica Larson | 9.4 hours @ $150<br>0.6 hours @ $195 | $1,526 |
| Paralegals | 74.15 hours @ $75 | $5,561.25 |
| TOTAL: | 1,628.75 hours | $302,185.25 |

By multiplying the rates by the hours billed, the Court finds that Highmark is now requesting $302,185.25 in attorneys' fees.

The parties have submitted their arguments concerning fees in consideration of the factors set forth above. The Court will discuss these factors in determining whether the "lodestar" figure should be adjusted upward or downward.

*1     The time and labor required.* Highmark is requesting compensation for over 1,600 hours of work done between August 2010 and October 2016. Highmark originally brought this action against Northwest Pipe in federal court in 2010. Highmark then filed an action in state court against the City of Rapid City in 2012, which ultimately settled in 2014. In examining the fee chart submitted by Highmark, the Court finds that the documentation does not adequately separate out the time expended in the federal and state actions. While the Court is cognizant of the fact that much of the time submitted is interrelated and may overlap, it does not appear that Highmark made a good faith effort to separate the time, even when instructed to by the Court. Additionally, the Court finds that numerous time submissions lack detail, are redundant, or are unrelated to the present action. Plaintiff's counsel and Highmark clearly have an ongoing attorney-client relationship which involves various other matters, some incidental, some not so incidental. Plaintiff's counsel has removed many of those charges from their claim here, but in reviewing the 90 pages of billings, the Court has removed a few more charges where

7

the charge appeared to relate to some other matter or the Court could not tell what the legal work related to other than the fact that it was for Highmark. "The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. The Court finds that the number of hours requested is in some instances not supported by adequate detail allowing the Court to determine whether the work was devoted to this federal lawsuit, the state lawsuit, or other work for the client. The fees will be reduced accordingly.

2. *The novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly* This lawsuit involved a large construction contract with multiple parties involved, a counterclaim, the production of countless documents, and the taking of numerous depositions. Further, as noted previously, the litigation has spanned over six years. As a result, the number of hours claimed will not be reduced on this basis.

3. *The preclusion of other employment by the attorney due to acceptance of the case* Whenever one takes on a case that requires this much time (six year of litigation) and effort (over 1,600 hours billed), that necessarily decreases the time that can be spent on other cases. This case is no exception to that observation.

4 *The customary fee* Courts require the attorney seeking attorneys' fees to justify the reasonableness of the requested rate or rates. *Blum v Stenson*, 465 U.S. 886, 895 n.11 (1984). Courts have found that,

> [t]o inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable . . . .

*Id* As such, counsel for Highmark bears the burden of proving that the requested hourly rates are reasonable.

Accompanying its Motion for Attorneys' Fees, Sales Tax, and Costs, Doc. 218, Steven Beardsley submitted an Affidavit in Support of Plaintiff's Motion for Attorneys' Fees, Sales Tax, and Costs, Doc. 219, in which he states,

> 6. I hold an AV rating from Martindale-Hubbell. My standard billing rate for work on an hourly basis is $225-285.

> 7. Brad Lee holds an AV rating from Martindale-Hubbell. His standard billing rate for work he does on an hourly basis is $200-250.
>
> 8. Mike Beardsley's standard billing rate for work he does on an hourly basis started at $100 and has progressed to $165 and is currently $225.
>
> 9. Stephanie Trask is billed at $150 per hour for services in this case.

Doc. 219 at 2. As documented above, five attorneys provided legal services to Highmark—Steven Beardsley, Brad Lee, Michael Beardsley, Stephanie Trask, and Jessica Larson—however, in his affidavit, Attorney Steven Beardsley did not submit any information about Attorney Larson in order to assist the Court in determining the reasonableness of her hourly rate. As such, the Court will place Attorney Larson's rate at $100 per hour for the 10 hours of her time. Attorney Larson most likely warrants a higher rate, but no showing was made to support a rate she no doubt has advanced to.

The Court also finds Attorney Beardsley's affidavit to be lacking in specificity in order to "inform and assist the court in the exercise of its discretion . . . ." *Blum*, 465 U.S. at 895 n.11. Attorney Beardsley does not indicate the skill, experience, years of practice, or reputation of any of the above listed attorneys. Instead, counsel provides a one-line statement on each attorney. However, even though counsel fails to show that the requested rates are similar to those rates prevailing in the legal community, the Court is aware that the rates requested are similar to the rates prevailing in the legal community.

Additionally, four paralegals provided legal services to Highmark. In Attorney Steven Beardsley's Affidavit, Doc. 219, he states,

> 10. Paralegal, Brendon Stratton, is customarily billed at $75 per hours for his services.
>
> 11. Paralegal, Cherie Hilton, is customarily billed at $75 per hour for her services.
>
> 12. Paralegal, Sheila Solano, is customarily billed at $75 per hour for her services.
>
> 13. Paralegal, Michael McCormick, is customarily billed at $75 per hour for his services.

Doc. 219 at 2-3. Neither evidence nor cases were provided by Highmark, other than the fee chart, to support a finding that the rates requested for paralegals were the prevailing rates in South Dakota. However, in *Atmosphere Hospitality Management, LLC v. Curtullo, et al*, Civ.

No. 13-5040 (D.S.D. Jan. 9, 2015), the Court found the requested paralegal rate of $100 to be reasonable. In *Cottier, et al v. City of Martin, et al*, Civ. No. 02-5021 (D.S.D. March 25, 2008), this Court found that the requested fee of $75 for a paralegal was reasonable. Therefore, the Court finds the rate of $75 for a paralegal to be reasonable.

     *5*     *The amount involved and the results obtained*   "[T]he most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Id.* at 434. In situations where a plaintiff achieves only limited or partial success, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount[,] . . . even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436. Here, Highmark prevailed on its claims for breach of contract and breach of warranty. Highmark did not prevail on its claim for damages. However, the damages claim and the Counterclaim against Highmark were interrelated. The Court also finds that the damages claims were non-frivolous and raised in good faith.

     Northwest Pipe first argues that Highmark is not a prevailing party and is therefore not entitled to attorneys' fees. The Court disagrees. Based on Highmark's success on its breach of contract and breach of warranty claims, the Court finds that Highmark is the prevailing party and is entitled to attorneys' fees under the contract. Alternatively, Northwest Pipe argues that Highmark should be disallowed time spent on claims that it did not prevail on—"Highmark makes no attempt to distinguish between attorney's fees for claims it alleges it prevailed on in the Federal Court action versus claims it undeniably did not." Doc. 233 at 17. The Court agrees. After reducing the fee award for inadequate documentation, the state lawsuit, and the mediation, which also included the state case, the Court will make a further proportionality adjustment of 35 percent. The reason for any proportionality is that Highmark did not recover on its delay claim but otherwise prevailed. The Court gives little weight to the paying of the Counterclaim as that only amounted to a withholding while the performance issues were pending.

     Proportionality has not been explicitly used or excluded in any reported South Dakota cases. Under the complicating facts of this case it is an appropriate approach. A proportionality approach has been used in Washington state. *See Eagle Point Condominium Owners Ass'n v. Coy*, 9 P.3d 898 (Wash. Ct. App., Div. 1 2000) ("To date, this court has required trial courts to use the proportionality approach of *Marassi* only in cases where a contractual provision

mandates an award for attorney fees to the prevailing party."); *see also JDFJ Corp v. Int'l Raceway, Inc*, 970 P.2d 343 (Wash Ct. App., Div. 1 1999) ("[T]he proportionality approach is appropriate in all contract and lease cases where multiple distinct and severable claims are at issue."); David K DeWolf and Keller W. Allen, 16 Wash. Prac., Tort Law and Practice § 6:17 (4th ed.). The attorney fee claim in the present case is not a statutory claim but instead is a claim based upon contract. The contract in this case at paragraph 16 provides:

> ATTORNEY'S FEES: In the event Seller places this contract in the hands of an attorney for collection, Contractor promises to pay Seller's reasonable attorney's fees and collection costs even though no suit, action, inter-pleader or arbitration is filed or initiated. If a suit, action, inter-pleader or arbitration is <u>commenced</u> to enforce, interpret, or apply the terms of this agreement, then the prevailing party is entitled to its reasonable attorney's fees incurred at the trial court level, in any appellate court or in any arbitration. The amount of such reasonable attorney's fees shall be determined by the court or arbitrator in the proceeding.

Doc. 135-1 (emphasis in original). Additionally, paragraph 13 of the contract provides:

> MISCELLANEOUS: . . . Any contract arising between Seller and Contractor shall be governed by the laws of said State in which the Seller presides.[4]

As such, Washington state is the principal office of Northwest Pipe.

     *6    The time limitations imposed by the client or by the circumstances*    This consideration is entitled to no additional consideration other than what was given in Factor 3, above, regarding the effect on other employment due to the acceptance of the case.

     *7    The nature and length of the professional relationship with the client*    Neither Highmark nor Northwest Pipe addresses this factor. As such, this is not a factor which this Court gives weight.

     *8    The experience, reputation, and ability of the attorneys*    The level of experience, reputation, and ability among counsel for Highmark varies from a few years to many years in practice. The majority of time spent working on this case was expended by Attorneys Steven Beardsley and Michael Beardsley. Attorney Steven Beardsley is an experienced litigator with an excellent reputation who has over 30 years of experience. This level of experience supports the Court's conclusion that the requested hourly rates, $225 and $285, and the requested hours billed, which will be adjusted pursuant to this opinion, are reasonable. As are the other rates

---

[4] The Court presumes the Seller must have meant "resides" instead of "presides."

requested even though the showing for those rates are minimal with the Court having to rely primarily upon its knowledge of prevailing rates in the legal community.

      *9    Whether the fee is fixed or contingent*   Attorneys for Highmark provided legal services on a fixed, hourly basis and have been paid in full for those services. No contingency risk aspect applies in this case. As such, this is not a factor which this Court gives weight.

      As a result of the above-stated deductions, attorney fees in the amount of $174,309.62 are awarded. *See* chart for calculations.

| Attorney: | Hours @ Rate: | Grand Total: |
|---|---|---|
| Steven Beardsley | 467.538 hours @ $225<br>44.7 hours @ $285 | $117,935.55 |
| Brad Lee | 55.035 hours @ $200<br>20.7 hours @ $250 | $16,182 |
| Michael Beardsley | 40 hours @ $100<br>341.438 hours @ $150<br>147.616 hours @ $165<br>114.7 hours @ $225 | $105,379.84 |
| Stephanie Trask | 147.4 hours @ $150 | $22,110 |
| Jessica Larson | 10 hours @ $100 | $1,000 |
| Paralegals | 74.15 hours @ $75 | $5,561.25 |
| **TOTAL:** | **1,463.277 hours** | **$268,168.64 (before proportionality deduction)** |
| **35 percent proportionality deduction of $268,168.64** | | **TOTAL ATTORNEYS' FEES: $174,309.62** |

## Costs

      Highmark moved for costs under the contract, Rule 54 of the Federal Rules of Civil Procedure, Local Rule 54.1, and 28 U.S.C. § 1920 in the amount of $53,732.48. The Court finds that the "Detail Cost Transaction File List," Doc. 243-1, submitted by Highmark actually totals $50,097.89. As a result, the Court will be calculating based upon the $50,097.89 amount.

      In its "Detail Cost Transaction File List," Doc. 243-1, Highmark requests costs for recorded transcripts, copies, postage, Pacer, depositions, travel/meals/lodging, long distance

phone calls, a parking ticket, medical records, and a refund   Without citing any legal authority, Highmark first argues that "[a] contractual provision allowing attorneys' fees to the prevailing party naturally includes the costs of litigation." Doc. 242 at 12.  The Court agrees in part.  The contractual provision in question provides:

> **ATTORNEY'S FEES:** In the event Seller places this contract in the hands of an attorney for collection, Contractor promises to pay Seller's reasonable attorney's fees and collection costs even though no suit, action, inter-pleader or arbitration is filed or initiated.  If a suit, action, inter-pleader or arbitration is <u>commenced</u> to enforce, interpret, or apply the terms of this agreement, then the prevailing party is entitled to its reasonable attorney's fees incurred at the trial court level, in any appellate court or in any arbitration.  The amount of such reasonable attorney's fees shall be determined by the court or arbitrator in the proceeding.

Doc. 135-1 at Paragraph 16 (emphasis in original).  It is clear that the contract only provides for "attorney's fees incurred . . . ." and is silent on the issue of costs.  The Court finds, however, that the costs submitted for postage, Pacer, travel/meals/lodging, and long distance phone calls are administrative expenses that are normally absorbed by the law firm and included in attorneys' fees. In *Pinkham v  Camex, Inc.*, 84 F.3d 292 (8th Cir. 1996), the Eighth Circuit found that costs for long distance phone calls, fax, and express mail "were reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys, and thus should have been included as part of the reasonable attorney's fees awarded." *Id* at 294-95.  Additionally, while Courts have found that travel of attorneys, long distance phone calls, Federal Express, office expenses, and postage expenses are not recoverable as taxable costs under 28 U.S.C. § 1920, Courts have found that those costs may be reimbursed pursuant to statutory or contractual authority.  *See Hollenbeck v Falstaff Brewing Corp* , 605 F. Supp. 421, 439 (E.D. Mo. 1984) (denying plaintiff's request for costs finding "no *statutory authority* for reimbursement of [travel of attorneys, long distance telephone calls, Federal Express and local delivery service, office expenses, miscellaneous and postage] expenses ") (emphasis added); *see also Veliz v  City of Minneapolis*, 2009 WL 483854, *2 (D. Minn. Feb. 25, 2009) ("[C]ost beyond those prescribed in Section 1920 may be awarded, in the discretion of the district court where they enjoy *some other statutory authorization*.") (emphasis added).  In other words, the "Attorney's Fees" provision provides a way in which a prevailing party, Highmark, may recover costs under the contract.  *Id.*  As such, the requested costs for postage, Pacer, travel/meals/lodging, and long distance phone calls, which total $6,829.13, are recoverable under the "Attorney's Fees" provision of the contract.

Highmark also argues that it is entitled to costs pursuant to Rule 54 of the Federal Rules of Civil Procedure, Local Rule 54.1, and 28 U.S.C. § 1920. Rule 54(d)(1) provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. PRO. 54(d)(1). In the Eighth Circuit case of *Lochridge v Lindsey Mgmt Co , Inc* , 824 F. 3d 780 (2016), the Court held that "[e]ven if a federal statute does not specifically authorize recovery of costs in a particular case, 'Rule 54(d)(1) independently authorizes district courts to award costs to prevailing parties' unless a statute or rule precludes it." *Lochridge*, 824 F. 3d at 782 (quoting *Marx v. Gen Revenue Corp.*, 133 S.Ct. 1166 (2013). Additionally, "the Eighth Circuit has long held that there is a strong presumption that the prevailing party is entitled to an award of costs." *ABT Sys, LLC, et al v Emerson Electric Co* , 2016 WL 5470198, *2 (E.D. Miss. Sept. 29, 2016). While *Lochridge* was a case of statutory, rather than contractual, interpretation, the Court finds that the same principle holds true in the present case. As such, even though neither the contract nor a federal statute authorize the recovery of costs in this case, Highmark may recover various costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure.

The recovery of costs under Rule 54 must be in accordance with 28 U.S.C. § 1920. *Hamidi v City of Kirksville*, 2016 WL 6563470, at *1 (E.D. Mo. Nov. 4, 2016) (quoting *Brisco-Wade v Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002)) ("'The Court may not award costs other than those authorized by § 1920 because this section 'imposes rigid controls on cost-shifting in federal courts.'"); *see also January v Outokumpu Stainless USA, LLC*, 2016 WL 6134537, at *1 (S.D. Ala. Oct. 19, 2016) (explaining that "federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920."). 28 U.S.C. § 1920 provides that costs may be taxed for,

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title,

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Pursuant to 28 U.S.C. § 1920(2) and (4), the Court finds that Highmark may recover costs for recorded transcripts, depositions, and copies. The remaining costs for a parking ticket, medical records, and a refund are not recoverable.

*Recorded Transcripts*

Highmark requests $62.45 in recorded transcript costs. "In order to be taxable, transcript costs must be 'necessarily obtained for use in the case.'" *ABT Sys, LLC*, at *3 (quoting 28 U.S.C. § 1920(2)). It is the obligation of the party requesting costs "to demonstrate that costs are compensable and this obligation requires some indication as to the costs' necessity." *Combs v Cordish Cos , Inc.*, 2015 WL 5096009, at *1 (W.D. Mo. Aug. 28, 2015). Here, the Court is aware of both the May 16, 2016 status conference hearing, wherein the Court requested additionally briefing on the issue of damages, and the September 16, 2016 pretrial conference. The necessity of those costs is apparent and easily evaluated. Therefore, pursuant to 28 U.S.C. § 1920(2), the Court finds that the requested costs of $62 45 for recorded transcript are recoverable.

*Depositions*

Highmark requests $7,800.83 in deposition costs. The Eighth Circuit has held that 28 U.S.C. § 1920(2) authorizes deposition costs. *Craftsmen Limousine, Inc v. Ford Motor Co* , 579 F. 3d 894, 897 (8th Cir. 2009) (finding that "[w]hile the applicable iteration of § 1920 does not specifically authorize video-deposition costs, Federal Rule of Civil Procedure 30(b)(3)(A) authorizes video depositions as an alternative to traditional stenographic depositions, *which § 1920 does authorize*.") (emphasis added); *see also Murphy v Amoco Production Co* , 558 F. Supp. 591, 594 (D.N.D. March 3, 1983) (finding that "this Court has discretionary power pursuant to 28 U.S.C. § 1920(2) to assess the cost of taking depositions in favor of the prevailing party."); *Morrison v Reichhold Chems , Inc* , 97 F.3d 460, 464-65 (11th Cir. 1996) ("[W]e hold that, when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time . . . *it is appropriate under § 1920 to award the cost of conducting the deposition in the manner*

*noticed.*") (emphasis added). Additionally, "even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was 'necessarily obtained for use in [a] case' and was not purely investigative." *Zotos v Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (quoting 28 U.S.C. § 1920(2)). In the present case, Highmark took depositions of Brian McEwen, Frank Knafelc, William Spickelmire, Gerold Schuelke, Mark Buratto, Erik Gilbertson, Stephen Pinney, and Dr. Graham Edgar Bell. The Court finds that these depositions were taken for use in the case and were not solely taken for discovery or investigatory purposes. As such, the requested costs of $7,800.83 for depositions are recoverable under 28 U.S.C. § 1920(2).

*Copies*

Highmark is also requesting $7,482.70 in copying costs pursuant to 28 U.S.C. § 1920(4). "In determining whether to award copying costs, 'the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *January*, 2016 WL 6134537, at *3 (quoting *U S  E E O C  v  W&O, Inc*, 213 F.3d 600, 623 (11th Cir. 2000)).

Here, the Court finds that the copying costs requested were a necessary cost incurred during the pendency of this litigation. As such, pursuant to 28 U.S.C. § 1920(4), Highmark may recover $7,482.70 in copying costs.

*Unrecoverable Costs*

Highmark also requests costs for a parking ticket, medical records, and a refund. The Court finds that these costs are neither recoverable under the contract nor under 28 U.S.C. § 1920.

After reviewing all of the documents on file, the Court finds that Highmark may recover $6,829.13 in costs under the "Attorney's Fees" provision of the contract and $15,345.98 in costs pursuant to 28 U.S.C. § 1920. This totals $22,175.11. However, similar to a request for attorneys' fees, the requesting party bears the burden of establishing entitlement to, and appropriately documenting, an award. *See Fish*, 295 F.3d at 851; *see also Hensley*, 461 U.S. at 437. Here, while the costs documented above are allowable either under the contract or under 28 U.S.C. § 1920, the Court finds that these costs lack sufficient detail in order to inform the Court of costs incurred during the federal action versus costs incurred during the state action.

The billing dates in Highmark's "Detail Cost Transaction File List" start in May of 2012 and end in October of 2016. Highmark filed its state court lawsuit in March of 2012 and settled it in May of 2014. It is reasonable to assume, then, that some of these costs may be attributed to the state court action and thus unrecoverable in this court. In order to account for the flawed billing, the Court will deduct 35 percent from the total costs awarded. Therefore, Highmark may recover $14,413.82 in total costs.

IT IS ORDERED,

1. That Plaintiff, Highmark, Inc., Motion for Attorney Fees, Sales Tax, and Costs, Doc. 217, is granted to the extent set forth in this Order, specifically, attorneys' fees of $174,309.62 and costs of $14,413.82, which totals $188,723.44.

2. That Third Party Defendant, RustNot Corrosion Control Services, Inc., Motion for Summary Judgment on the Issue of Attorneys' Fees, Doc. 210, is dismissed as moot.

3. That Third Party Defendant, Ferber Engineering Company, LLC, Motion for Summary Judgment Related to the Payment of Any Attorney Fees Incurred by the Plaintiff, Doc. 214, is dismissed as moot.

Dated this 30th day of November, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
Deputy

17